**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-7178**

---

JONATHAN JAMES NEWELL,

        Plaintiff - Appellant,

    v.

SHANTICIA HAWKINS; CRISTEL VAUGHAN; SHIRLEY BENNETT; EVALYNN POWELL,

        Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-ct-03200-FL)

---

Submitted:  February 27, 2024                Decided:  March 1, 2024

---

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Jonathan James Newell, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan James Newell seeks to appeal the district court's orders dismissing without prejudice his 42 U.S.C. § 1983 complaint for failure to prosecute and denying his Fed. R. Civ. P. 59(e) motion for reconsideration. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order denying Newell's Rule 59 motion on October 12, 2023. Newell filed the notice of appeal on November 20, 2023.[*] Because Newell failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Newell could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2